UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

WILSON PAGAN, et al.,

                                  Plaintiffs,

            -against-

WESTCHESTER COUNTY, et al.,

                                Defendants.

-----------------------------------------------------------------X

12-CV-07669 (PAE)(SN)

**REPORT AND RECOMMENDATION**

**SARAH NETBURN, United States Magistrate Judge.**

**TO THE HONORABLE PAUL A. ENGELMAYER:**

     Fifteen *pro se* incarcerated plaintiffs filed this action pursuant to 42 U.S.C. § 1983 for violations of their First, Eighth, and Fourteenth Amendment rights. Because four of these plaintiffs – Yusef Dixon, Steven Lewis, Michael Stevens, and Guario Vargas – have failed to participate in this litigation in any capacity since the filing of the original complaint, the Court recommends that their claims be dismissed without prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## BACKGROUND

     The plaintiffs filed a complaint in October 2012, a first amended complaint in February 2013, and a second amended complaint in July 2013. On August 13, 2013, defendants moved to dismiss the second amended complaint, and on August 27, 2013, the Honorable Paul A. Engelmayer referred this matter to my docket for general pretrial supervision and to report and recommend on any dispositive motion.

On February 3, 2014, the Court issued a report and recommendation dismissing the claims of five of the plaintiffs for failure to exhaust their administrative remedies. The Court further dismissed some of the claims of the remaining 10 plaintiffs, but the defendants' motions to dismiss were denied in all other respects. On March 12, 2014, Judge Engelmayer adopted the report and recommendation in full.

The Court issued an order on March 14, 2014, directing defendants to answer the complaint and scheduling an initial pretrial conference on April 9, 2014. The order informed each plaintiff that he was responsible for providing the Court with a current address and warned that if a plaintiff did not provide current contact information or did not appear at the conference, the Court might recommend dismissal of his claims.

On April 9, 2014, three of the remaining 10 plaintiffs – Adem Arici, Gerald Charles, and Santiago Gomez – appeared via telephone at the initial pretrial conference. The other seven plaintiffs all failed to appear. In an April 10, 2014 order, the Court noted that all of the mail sent by Chambers to these seven individuals had been returned as undeliverable. The Court further noted that it had utilized the online inmate lookup systems for New York City, New York State, and the Federal Bureau of Prisons to try to identify current location information for each of these plaintiffs. The Court indicated that it would mail the April 10, 2014 order to the last known address for the seven missing plaintiffs, and upon receipt of the order, each plaintiff was to write a letter to the court indicating an interest in remaining in the case and providing a current address. If no response was received within 30 days of the order, the Court noted again that it might recommend dismissal for failure to prosecute. On that same date, the Court granted *pro bono* limited discovery counsel to Arici, Charles, and Gomez, the only plaintiffs actively involved in the case as of that date.

Defendants filed a letter with the Court on June 20, 2014, requesting that seven of the remaining plaintiffs – Pagan, Lewis, Dixon, Stevens, Williams, Vargas, and Sanchez – be dismissed from the case "due to their lack of participation in the litigation since its inception in 2012." (Doc. No. 120.) Defendants believed that dismissal of these individuals might help facilitate a potential resolution of the case. The Court issued an order on July 3, 2014, directing *pro bono* counsel for Arici, Charles, and Gomez to submit a letter to the Court by July 11, 2014, indicating whether counsel had any contact with these seven missing plaintiffs. The Court noted that absent contact with *pro bono* counsel or any communication with the Court subsequent to the order, the Court would consider recommending dismissal for failure to prosecute. On July 11, 2014, *pro bono* counsel filed a letter with the Court indicating that they had not had contact with any of the seven missing plaintiffs and requesting an additional 30 days to contact each of them to see if they were interested in representation. The Court granted counsel's request.

On August 8, 2014, *pro bono* counsel informed the Court that they had established contact with Williams, Sanchez, and Pagan, all of whom expressed an interest in continued prosecution of their claims and in being represented by *pro bono* counsel on a limited basis for discovery. Counsel was unable, however, to contact Dixon, Lewis, Stevens, or Vargas. All mail sent by Chambers to these four plaintiffs has been returned as undeliverable.

Because Dixon, Lewis, Stevens, and Vargas have failed to participate in this action in any capacity since signing the original complaint in October 2012, failed to provide the Court with current contact information, and failed to respond to any of the Court's orders directing each plaintiff to indicate an interest in pursuing his claims, I recommend that their claims be dismissed without prejudice for failure to prosecute. See Fed. R. Civ. P. 41(b).

## DISCUSSION

A plaintiff has a general obligation to prosecute his case diligently. See <u>Lyell Theatre Corp. v. Loews Corp.</u>, 682 F.2d 37, 43 (2d Cir. 1982). A Court may dismiss the action, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, for failure to prosecute if the plaintiff fails to meet this obligation. In fact, "[a] plaintiff[']s lack of diligence alone is enough for dismissal." <u>West v. City of New York</u>, 130 F.R.D. 522, 526 (S.D.N.Y. 1990) (citation omitted). "The fact that plaintiff is incarcerated does not absolve him of the responsibility to prosecute his lawsuit in a diligent manner." <u>Id.</u> A *pro se* plaintiff, however, "should be granted special leniency regarding procedural matters." <u>LeSane v. Hall's Sec. Analyst, Inc.</u>, 239 F.3d 206, 209 (2d Cir. 2001).

Although Rule 41(b) provides that "a defendant may move to dismiss the action or any claim against it" when a plaintiff fails to prosecute the case or to comply with a court order, the Court need not wait for a defendant to file such a motion. See <u>Link v. Wabash R.R. Co.</u>, 370 U.S. 626, 629 (1962). Moreover, the Court is not required to provide notice of the dismissal. "[S]uch dismissal is largely a matter of the judge's discretion." See <u>West</u>, 130 F.R.D. at 524. Indeed, because district courts are "necessarily vested" with the control required "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," the Court may even dismiss an action *with* prejudice when a plaintiff fails to prosecute his case. <u>Link</u>, 370 U.S. at 629-31.

In deciding whether to dismiss an action for failure to prosecute, the Court should consider: "(1) the duration of plaintiff's failures or non-compliance; (2) whether plaintiff had notice that such conduct would result in dismissal; (3) whether prejudice to the defendant is likely to result; (4) whether the [C]ourt balanced its interest in managing its docket against

4

plaintiff's interest in receiving an opportunity to be heard; and (5) whether the [C]ourt adequately considered the efficacy of a sanction less draconian than dismissal." Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp., 222 F.3d 52, 63 (2d Cir. 2000). While a district court is not required to address each of these factors in its written decision, see Martens v. Thomann, 273 F.3d 159, 180 (2d Cir. 2001), the Court at a minimum must provide a reason for the dismissal. See Grace v. New York, 10 Civ. 3853 (LTS)(GWG), 2010 WL 3489574, at *2 (S.D.N.Y. Sept. 7, 2010), report and recommendation adopted, 2010 WL 4026060 (S.D.N.Y. Oct. 14, 2010).

Here, Dixon, Lewis, Stevens, and Vargas have not filed any papers with the Court since October 2012, a period of over 22 months. None of these four plaintiffs has responded to any of the Court's orders directing him to provide the court with current contact information. Absent valid contact information, the Court cannot apprise the plaintiffs of their obligations in or the status of their case, and the litigation cannot proceed without their participation. The Court has made repeated efforts to locate these individuals through online database searches, without success, and *pro bono* counsel were themselves unable to make contact. This failure to provide the Court with current contact information is alone a sufficient ground for dismissal. See Grace, 2010 WL 3489574, at *2 ("Courts have repeatedly recognized that dismissal for failure to prosecute is appropriate where a plaintiff effectively disappears by failing to provide a current address at which he or she can be reached." (citing cases)).

In its March 14, April 10, and July 3, 2014 orders, the Court provided plaintiffs with notice that the Court would consider recommending that their claims be dismissed for failure to prosecute if they did not contact the Court. This report and recommendation provides plaintiffs further notice and another opportunity to be heard before the District Judge.  Because plaintiffs

failed to provide the Court with current contact information, failed to appear for a conference, and failed to respond to several subsequent Court orders, thereby displaying no interest in pursuing this case, lesser sanctions would not be appropriate. Because plaintiffs are *pro se*, however, I recommend that the claims be dismissed without prejudice. See Grace, 2010 WL 3489574, at *2.

## CONCLUSION

For these reasons, I recommend that all claims asserted by Yusef Dixon, Steven Lewis, Michael Stevens, and Guario Vargas be dismissed without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

\*         \*         \*

## NOTICE OF PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

The parties shall have fourteen days from the service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. See also Fed. R. Civ. P. 6(a), (d) (adding three additional days when service is made under Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F)). A party may respond to another party's objections within fourteen days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Such objections shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Paul A. Engelmayer, at the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007, and to any opposing parties. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b). Any requests for an extension of time for filing objections must be addressed to Judge Engelmayer. The failure to file these timely objections will result in a

waiver of those objections for purposes of appeal. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(d), 72(b); Thomas v. Arn, 474 U.S. 140 (1985).

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   New York, New York
         August 15, 2014

cc:   Wilson Pagan (*By Chambers*)
      Steven Lewis
      Yusuf Dixon
      Michael Stevens
      Quiane Williams
      Guario Vargas
      Armando Sanchez