```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/1/14
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------X

WILSON PAGAN, et al.,
:
:
                                        Plaintiffs,      :          12 Civ. 7669 (PAE) (SN)
:
                    -v-                                  :          ORDER ADOPTING
:                  REPORT &
WESTCHESTER COUNTY, et al.,                              :          RECOMMENDATION
:
                                        Defendants.      :
:
-----------------------------------------------------------------X

PAUL A. ENGELMAYER, District Judge:

Fifteen *pro se* incarcerated inmates filed this action, pursuant to 42 U.S.C. § 1983,

alleging, *inter alia*, violations of their First and Eighth Amendment rights in connection with the

food served to them in the Westchester County Jail (the "Jail").  Four of these plaintiffs—Yusef

Dixon, Steven Lewis, Michael Stevens, and Guario Vargas—have failed to participate in this

litigation in any capacity since the filing of the original Complaint.  Before the Court is the

August 15, 2014 Report and Recommendation of Magistrate Judge Sarah Netburn, Dkt. 130

("Report"), recommending that the Court dismiss these four plaintiffs' claims without prejudice,

pursuant to Federal Rule of Civil Procedure 41(b), for failure to prosecute.  For the reasons that

follow, the Court adopts the Report in full.

## I.   Background[1]

On October 12, 2012, Wilson Pagan, Steven Lewis, Yusuf Dixon, Michael Stevens, Quiane Williams, Santiago Gomez, Guario Vargas, Gerald Charles, Christopher Glivens, William P. Jenkins, Pedro Llerandez, Adem Arici, Jerome Barnett, Joseph Dushock, and Armando Sanchez (collectively, "plaintiffs"), proceeding *pro se*, filed the Complaint. Dkt. 15. On February 4, 2013, an Amended Complaint was filed. Dkt. 26. On July 23, 2013, a Second Amended Complaint was filed. Dkt. 58. The Second Amended Complaint alleges, *inter alia*, that defendants violated plaintiffs' Eighth Amendment rights in (1) providing them with substandard food, and failing to correct the problem once it was brought to their attention; (2) providing them with meals of insufficient size; and (3) forcing them to buy foods from the Commissary at an inflated price to compensate for the inadequate meals. The Second Amended Complaint further alleges that defendants violated plaintiffs' First Amendment rights by forcing some inmates to change their designated religious affiliations in order to receive sanitary kosher meals, and depriving Muslim inmates with sanitary meals that conformed to their religious dietary restrictions.

By Order dated March 12, 2014, the Court, *inter alia*, dismissed the claims in the Second Amended Complaint raised by plaintiffs Glivens, Llerandez, Barnett, Jenkins, and Dushock in their entirety for failure to exhaust their administrative remedies. *See* Dkt. 96 (adopting February 3, 2014 Report & Recommendation).

On March 14, 2014, Judge Netburn issued an order directing defendants to file and serve an answer to the Second Amended Complaint, and scheduling an initial pretrial conference in the

---

[1] The Court assumes familiarity with the facts and procedural history of this case, and recites only those facts relevant to the resolution of the instant

2

case. Dkt. 97. The order informed the 10 remaining plaintiffs that each was responsible for

providing the Court with a current address and warned that if any plaintiff did not provide the

Court with current contact information or did not appear at the conference, the Court might

recommend dismissal of his claims. *See id.*

On April 9, 2014, Judge Netburn held an initial pretrial conference. Three of the

remaining 10 plaintiffs—Arici, Charles, and Gomez—appeared at the conference via telephone.

The other seven remaining plaintiffs—Pagan, Lewis, Dixon, Stevens, Williams, Vargas, and

Sanchez—failed to appear altogether. By order dated April 10, 2014, Judge Netburn noted that

all of the mail sent by Chambers to these seven individuals had been returned as undeliverable,

and that Chambers had endeavored, unsuccessfully, to find the individuals' present location.

Dkt. 107. The Court indicated that it would mail the April 10, 2014 order to the last known

address for the seven missing plaintiffs, and upon receipt of the order, each plaintiff was directed

to write a letter to the court indicating an interest in remaining in the case and providing a current

address. *See id.*

By letter dated June 20, 2014, defendants requested that the seven non-appearing

plaintiffs be dismissed from the case for failure to participate in the litigation. Dkt. 120. By

order dated July 3, 2014, Judge Netburn directed pro bono counsel for Arici, Charles, and

Gomez to submit a letter to the Court indicating whether counsel had any contact with these

seven missing plaintiffs. On August 8, 2014, pro bono counsel informed the Court that they had

established contact with Williams, Sanchez, and Pagan, all of whom wished to continue

participating in the case, but that they were unable to contact Dixon, Lewis, Stevens, or Vargas.

Dkt. 129.

On August 15, 2014, Judge Netburn issued the Report.  Dkt. 130.  The Report

recommended that the claims asserted by Dixon, Lewis, Stevens, and Vargas be dismissed

without prejudice, pursuant to Rule 41(b), for failure to prosecute.  In so holding, Judge Netburn

noted that each of these four plaintiffs had "failed to participate in this action in any capacity

since signing the original complaint in October 2012, failed to provide the Court with current

contact information, and failed to respond to any of the Court's orders directing each plaintiff to

indicate an interest in pursuing his claims."  *Id.* at 3.

The Report further directed the parties to file any objections within 14 days of service of

the Report.  To date, no objections have been filed.

## II.    Discussion

In reviewing a Report and Recommendation, a district court "may accept, reject, or

modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28

U.S.C. § 636(b)(1)(C).  When specific objections are made, "[t]he district judge must determine

*de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed.

R. Civ. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997).  However,

when the objections simply reiterate previous arguments or make only conclusory statements, the

Court should review the report for clear error.  *See Genao v. United States*, No. 08 Civ. 9313

(RO), 2011 WL 924202, at *1 (S.D.N.Y. Mar. 16, 2011); *Kirk v. Burge*, 646 F. Supp. 2d 534,

539 (S.D.N.Y. 2009) (collecting cases).

Careful review of the well-reasoned Report reveals no error, let alone clear error.  To the

contrary, the Court agrees that Dixon, Lewis, Stevens, and Vargas have failed to participate in

this case in any fashion since its inception in 2012.  Despite numerous attempts by the Court to

contact these plaintiffs, they have not responded.  And the Court has made clear on several

4

claims. Accordingly, dismissal for failure to prosecute is warranted. The Report, which is incorporated by reference herein, is adopted without modification.

## CONCLUSION

For the foregoing reasons, the Court adopts the Report in full. The claims raised by plaintiffs Dixon, Lewis, Stevens, and Vargas are dismissed without prejudice. The case is referred back to Magistrate Judge Netburn for further proceedings.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: October 1, 2014
       New York, New York