UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
              :
WILSON PAGAN, et al.,              :
              :      12 Civ. 7669 (PAE) (SN)
         Plaintiffs,      :
              :      OPINION & ORDER
     -v-              :
              :
WESTCHESTER COUNTY, et al.,        :
              :
         Defendants.     :
              :
------------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/26/15

PAUL A. ENGELMAYER, District Judge:

Before the Court is *pro se* plaintiff Jerome Barnett's motion for reconsideration pursuant to Federal Rule of Civil Procedure 60. Dkt. 149. On March 12, 2014, the Court issued an Opinion and Order ("Opinion"), Dkt. 96, which adopted, without objection from Barnett, the February 3, 2014 Report and Recommendation ("Report") of the Honorable Sarah Netburn, United States Magistrate Judge, *see* Dkt. 90. As relevant here, the Report recommended that Barnett's claims be dismissed for failure to exhaust his administrative remedies. On December 18, 2014, Barnett filed a Rule 60 motion for reconsideration, Dkt. 149. He explained that he had, in fact, exhausted his administrative remedies before bringing suit, and why he had failed either to timely amend the allegations in the Second Amended Complaint ("SAC"), Dkt. 58, in response to the Court's directive to do so, or to timely submit objections to Judge Netburn's Report. For the reasons that follow, Barnett's motion is granted.

I. **Discussion**

The Court assumes familiarity with the Opinion and the prior history of this case. In brief, Barnett and a group of other former inmates at Westchester County Jail (the "Jail") brought

claims pursuant to 42 U.S.C. § 1983 for, *inter alia*, violations of their First and Eighth Amendment rights as well as claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–68, and under New York state law.  Plaintiffs alleged, *inter alia*, that they had received undercooked or rotted meals on trays containing mold or bacteria in the Jail, and that, as a result of the Jail's providing substandard food, they were forced to buy overpriced food from the Commissary and/or to change their designated religious affiliations in order to obtain proper meals.

In the Opinion, the Court adopted in full Judge Netburn's Report.  It recommended that Barnett's claims be dismissed because he had failed to exhaust his administrative remedies before bringing suit, but that the First and Eighth Amendment claims pled by other plaintiffs be allowed to proceed where those plaintiffs had either properly exhausted their administrative remedies or fairly alleged that their failure to exhaust was excused under the Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997.

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" because of "mistake, inadvertence, surprise, or excusable neglect," or "any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  In deciding Barnett's motion for reconsideration, the Court evaluates (1) Barnett's failure to exhaust his administrative remedies prior to bringing this action, and (2) the timeliness of Barnett's attempt to amend his allegations in the SAC and submission of objections to Judge Netburn's Report.  The Court addresses each issue below.

    A.    **Failure to Exhaust Administrative Remedies**

Although the PLRA requires plaintiffs to exhaust administrative remedies prior to bringing a Section 1983 action, a court should not dismiss a case for failure to exhaust if there

are "special circumstances" that "justify the prisoner's failure to comply with administrative procedural requirements," as required under the PLRA. *Hemphill v. New York*, 380 F.3d 680, 686 (2d Cir. 2004) (internal quotation and citation omitted). Here, the affirmation Barnett has submitted as an attachment to his motion explains that he had attempted to file a grievance but was rebuffed by Jail personnel. He states that in September 2012, he attempted to file a grievance regarding, *inter alia*, the quality of the food served in the Jail, to Sergeant Bell, who declined to accept the grievance. Dkt. 149, at 2–3. During that same month, Barnett states, he also attempted to file a grievance with Sergeant Torres, but Sergeant Torres also did not accept the grievance. *Id.* at 3. Barnett states that he also mailed a copy of his grievance to Wanda Smithson, Deputy Commissioner of the Westchester County Department of Corrections, but he did not receive a response. *Id.*

Barnett's factual allegations echo the claims of other plaintiffs that Judge Netburn, in recommending denial of the motion to dismiss, found in the Report sufficient to justify failure to exhaust. *See* Dkt. 90, at 16–17 (finding that plaintiffs had sufficiently pled an excuse for failure to exhaust their administrative remedies in light of, *inter alia*, Sergeant Bell's refusal to accept grievances on several instances). As such, the Court finds that Barnett has alleged facts that, if established, would give him sufficient justification for failing to exhaust his administrative remedies such that his claims should not be dismissed on that ground.

    **B.    Timeliness**

The issues presented here regard Barnett's failure to timely (1) amend his allegations in the SAC, and (2) submit objections to Judge Netburn's Report. Below, the Court discusses each issue.

1.      **Timeliness of Barnett's Attempt to Amend the Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

On June 24, 2013, the Court directed plaintiffs to amend their complaint a second time, by July 29, 2013, Dkt. 54. On July 23, 2013, plaintiffs filed the SAC, in which Barnett failed to amend his allegations to demonstrate that he had attempted to exhaust his administrative remedies. Dkt. 58.

Explaining this lapse, Barnett claims that in January 2013, he was transferred from the Jail into New York state custody, and remained in solitary confinement until September 2013. Dkt. 149, at 3. Implicit in this statement is that he did not receive notice of the Court's June 24, 2013 Order, and was not in contact with the other plaintiffs when they filed the SAC. Barnett has thereby alleged facts that, if established, would justify his delay in submitting an amended complaint to cure the deficiencies identified in the motion to dismiss.

Defendants oppose Barnett's motion, on the grounds that the deadline for an amended complaint was set in the Court's June 24 Order. They argue that permitting Barnett to amend the SAC would prejudice the defendants. Dkt. 153, at 3. However, "[t]he liberal application of Rule 15(a) is especially warranted with respect to a *pro se* litigant who 'should be afforded every reasonable opportunity to demonstrate that he has a valid claim.'" *Johnson v. N.Y. City Dep't. of Health*, No. 06 Civ. 13699 (BSJ) (FM), 2008 WL 5378124, at *2 (S.D.N.Y. Dec. 22, 2008) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)). And the Court is unconvinced that defendants would suffer prejudice: Six plaintiffs currently remain in the case; the plaintiffs' claims are largely parallel; and discovery remains ongoing. *See* Dkt. 146. Permitting an

amendment of the SAC to add one more *pro se* plaintiff's claims, which largely involve the same defendants and factual allegations, would be, at most, minimally prejudicial at this stage of the litigation. Therefore, the Court finds Barnett's reasons for not timely amending the complaint to specify his allegations sufficient to justify the delay.

### 2. Timeliness of Barnett's Attempt to Submit Objections to the Report

Under Rule 72(b)(2) of the Federal Rules of Civil Procedure, "a party may serve and file specific written objections to the [magistrate judge's] proposed findings and recommendations" within 14 days after being served with a copy of the Report. Fed. R. Civ. P. 72(b)(2).

On February 3, 2014, Judge Netburn issued her Report, and on February 7, 2014, the Court granted a request for extension to time to object to Judge Netburn's Report, thus directing all parties to submit their objections by February 24, 2014, Dkt. 92. On March 12, 2014, the Court issued the Opinion, adopting Judge Netburn's Report in full.

Barnett neither objected to Judge Netburn's Report by the Court-ordered deadline nor timely took issue with the Court's March 12 Opinion. Barnett explains that he did not receive the Report and the March 12 Opinion in time for him to object. As the docket reflects, on September 26, 2014, Barnett informed the Court of his new address in the Franklin Correctional Facility in Malone, New York. Dkt. 138. To be sure, it was "the responsibility of each individual party to provide the Court with a current mailing address so that each party may participate in this case and litigate his own claims on his own behalf." Dkt. 97. But Barnett argues that he did not timely advise the Court of his address change, and thus receive the Report and the Opinion in time to file objections, because he thought that the case was a class action, and that plaintiff Santiago Gomez was therefore pursuing the action on behalf of the members of the class. Dkt. 149, at 3–4. The plaintiffs' motion for class certification (filed on July 23, 2013),

5

Dkt. 55, and the July 24, 2013 Order denying class certification, Dkt. 56, were all filed while Barnett was in solitary confinement (from January 2013 to September 2013) and thus without access to the case docket.  Under these circumstances, the Court finds it plausible that Barnett failed to timely object to the Report and the Opinion because he was under the understandable, although mistaken, impression that the instant action was a class action in which his interests were represented.  The Court finds sufficient Barnett's justification for not timely objecting to Judge Netburn's Report and the March 12 Opinion.  And, as noted, because the claims that Barnett proposes to make in an amended complaint appear to track those of existing plaintiffs in the case, there is no meaningful prejudice to defendants from excusing Barnett's lapse.

## CONCLUSION

For the reasons stated herein, the Court grants Barnett's Rule 60 motion for reconsideration.  The Court directs Barnett to amend the SAC, so as to add his factual claims, and to file the amended complaint by Friday, February 27, 2015.

Discovery in this case is ongoing.  On April 10, 2014, Judge Netburn directed the Clerk of Court to attempt to locate pro bono counsel for certain plaintiffs for the limited purpose of conducting certain document discovery and depositions, Dkt. 109, and such counsel was appointed, Dkt. 117, 118, 119.  Counsel for plaintiffs is directed to contact Barnett, and file a letter by February 3, 2015, informing the Court if Barnett seeks to be represented by such counsel.

The Clerk of Court is directed to terminate the motion pending at docket number 149.

SO ORDERED.

*Paul A. Engelmayer*

Paul A. Engelmayer
United States District Judge

Dated: January 26, 2015
      New York, New York